UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>DAVIS JOHN BATEMAN,<br><br>               Defendant. | Case No. CR19-133 JCC-MLP<br><br>ORDER |

## I.  INTRODUCTION

This matter is before the Court on Defendant Bateman's motion to reopen his detention hearing (dkt. # 24) as referred by the Honorable John C. Coughenour. The government opposes Defendant's motion (dkt. # 25). Defendant did not submit a reply. Having considered the parties' submissions, the balance of the record, and the governing law, the Court DENIES Defendant's motion.[1] Also, before the Court is Defendant's motion to seal his motion to reopen his detention hearing (dkt. # 23). Defendant moves to seal the motion because of the "sensitive and confidential nature of information contained in the document." (*Id.* at 1.) The motion does not identify what information is sensitive or confidential. The Court declines to guess at what

---

[1] Defendant requested telephonic oral argument. (Dkt. # 24 at 1.) The Court finds oral argument unnecessary.

ORDER - 1

information is sensitive or confidential or whether Defendant would suffer irreparable harm if it were revealed. The Court therefore DENIES the motion to seal (dkt. # 23.)

## II.   BACKGROUND

Defendant is currently a pretrial detainee at the Federal Detention Center ("FDC") in SeaTac, Washington. Defendant was brought to federal custody on a writ of habeas corpus ad prosequendum in July 2019. (Dkt. ## 4, 7.) Defendant is charged with Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Unlawful Possession of a Destructive Device, in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(8). (Dkt. # 10.) The government alleges Defendant is a convicted felon who absconded from the Washington State Department of Correction's ("DOC") supervision for approximately two years, during which time he possessed firearms, ammunition, and pipe bombs. (Dkt. # 25 at 2.)

The Court initially ordered Defendant detained on July 11, 2019. (Dkt. # 9.) The Court found the parties did not provide information regarding the alleged nature and circumstances of the offense, the weight of the evidence against Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger to others or the community. (*Id.* at 1.) The Court also found that Defendant stipulated to detention. (*Id.*) Accordingly, the Court ordered Defendant detained pending trial. (*Id.* at 2.)

Defendant now moves to reopen his detention order, arguing the current COVID-19 pandemic constitutes new, material information unknown at the time of his initial detention hearing that warrants reopening of his detention order pursuant to 18 U.S.C. § 3142(f). (Dkt. # 24 at 1-2.) Defendant seeks release on his personal recognizance, on an unsecured appearance bond, or any other combination of conditions the Court may deem appropriate. (*Id.* at 2.) In response to Defendant's motion to reopen his detention hearing, Pretrial services recommends

1   detention based on Defendant's history of failures to appear, non-compliance while on

2   supervision, substance abuse, history of committing offenses while on supervision, and prior

3   absconding and fugitive status. (Dkt. # 26 at 10-11.)

4                                **III.  DISCUSSION**

5        Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing may be reopened if a "judicial

6   officer finds that information exists that was not known to the movant at the time of the hearing

7   and that has a material bearing on the issue whether there are conditions of release that will

8   reasonably assure the appearance of such person as required and the safety of any other person

9   and the community." Defendant argues that he presents a greater danger to the community while

10   detained than he would if released, and that he presents a minimal risk of violence to the

11   community or a flight risk in comparison to the ongoing health crisis. (Dkt. # 24 at 2.) Defendant

12   cites to the Bureau of Prisons' ("BOP") update that as of April 1, 2020, 57 inmates and 37 staff

13   members have tested positive for COVID-19 at more than 15 different facilities. [2] (*Id.* at 2-3.)

14   Defendant argues that inmates at the FDC are subject to crowding and rationed access to

15   personal hygiene products that prohibit the practice of social and physical distancing to help

16   prevent the spread of COVID-19. (*Id.* at 6-7.) Defendant also argues that inmates at the FDC are

17   at risk of contracting COVID-19 due to additional individuals who are arrested in the community

18   and brought to the FDC. (*Id.* at 10.)

19

20

21

22   [2] The Court is cognizant that as of the date of this order, BOP reported that 446 federal inmates and 248 BOP staff members have tested positive for COVID-19 (*see* https://www.bop.gov/coronavirus/index.jsp.)

23   and that these numbers are likely to increase in the coming days and weeks.

1    In addition to the factors that relate to all individuals detained at the FDC,[3] Defendant

2 also argues that he is especially susceptible to COVID-19 because he suffers from both asthma

3 and chronic obstructive pulmonary disease, and therefore he is at greater risk of contracting

4 COVID-19 while incarcerated. (Dkt. # 24 at 12-13.) Further, Defendant argues that even if he is

5 asymptomatic, detaining him risks exposing the FDC population to infection. (*Id.*) Defendant

6 argues that if he contributes to an outbreak of COVID-19 while detained, it will increase the

7 demand on the community's medical resources. (*Id.*)

8    The government concedes that information regarding COIVD-19 was not known at the

9 time of Defendant's initial detention hearings but argues this new information does not change

10 the factors underlying the Court's previous detention determinations. (Dkt. # 25 at 4.) The

11 government cites to the 18 U.S.C. § 3142(g) factors found by the Court when it previously

12 ordered detention. (*Id.* at 5.) The government also notes there is currently no evidence of

13 COVID-19 at the FDC and that the BOP has taken measures to limit the introduction of COVID-

14 19. (*Id.* at 6-8.)

15    The Court is cognizant of the significant health concerns regarding COVID-19, especially

16 for incarcerated populations. However, to date, there are no reported cases at the FDC where

17 Defendant is incarcerated. Further BOP has undertaken steps to avoid a widespread outbreak.

18 (*See* https://www.bop.gov/resources/news/20200313_covid-19.jsp.) As detailed by the

19 government, BOP inmates are screened for COVID-19 symptoms and risk of exposure. (Dkt. #

20 25 at 8-10.) Those with a documented risk of exposure are isolated and tested. (*Id.* at 10.) BOP

21

22   [3] The Court considers each motion to reopen on a case-by-case basis and declines to make findings based
on general risk assessments for all individuals detained at the FDC. *See e.g., U.S. v. Leonardo Munguia*,

23 No. 3:19-cr-191-B (03), 2020 WL 1471741 (N.D. Texas, Dallas Div. March 26, 2020) at *4
("Defendant's argument . . . applies equally to anyone in custody or, for that matter, at the halfway house
or anywhere else in this community or any other. . . .[T]he Court cannot release every detainee at risk of
contracting COVID-19 because the Court would then be obligated to release every detainee").

ORDER - 4

1   facilities have been directed to assess their facilities and establish quarantine areas for those

2   found to be infected with or at heighted risk of being infected with COVID-19. (*Id*.) BOP has

3   placed a 30-day suspension on social and tour visits. (*Id*.) There is also a 30-day hold on legal

4   visits except for a case-by case basis. (*Id*.) BOP is further directing facilities to modify its

5   operations to mitigate the risks of COVID-19 transmission. (*Id*. at 11.) Accordingly, there is no

6   evidence that the FDC is inadequately monitoring and/or managing the current health crisis.

7        For purposes of this order, the Court will nevertheless assume, without finding, that

8   Defendant has satisfied the requirements of 18 U.S.C. §§ 3142(f) for reopening the detention

9   order and that there has been a change in circumstance. In determining whether continued

10   detention is appropriate in this case, the Court is required to consider the 18 U.S.C. § 3142(g)

11   factors. These factors include: the nature and circumstances of the offense, the weight of the

12   evidence against the defendant, the defendant's history and characteristics, whether he was on

13   probation, parole, or other court supervision at the time of the alleged offense conduct, and the

14   nature and seriousness of the danger to any person or the community posed by the defendant's

15   release.

16        The Defendant is charged with a very serious offense: felon in possession of an

17   ammunition and possessing an unregistered explosive device – a pipe bomb. There are

18   allegations that Defendant attempted to convince his fiancé to claim the ammunition was hers,

19   suggesting witnesses tampering or obstruction of justice. And, there are allegations that

20   Defendant attempted to hide up to twelve firearms during the investigation and after his arrest.

21   Although defense counsel and the government concede that at least half of the firearms have

22   been turned over to the government, it is still concerning to the Court that Defendant had access

23   or possessed such a large number of firearms. Accordingly, the nature and circumstances of the

offense charged weigh heavily in favor of detaining Defendant. The weight of the evidence against Defendant is the least important factor for the Court's consideration but also weighs in favor of detention: the ammunition and pipe bomb were found at Defendant's residence during an execution of a search warrant and Defendant admitted that he owned the ammunition and that he had built the pipe bomb.

Defendant's history and characteristics also weigh in favor of detention even considering Defendant's asthma and COPD. Defendant has an extensive criminal history and recently absconded from DOC supervision and was a fugitive for over two years. Defendant also has several bench warrants, failures to appear, and at least one attempt to flee law enforcement in his criminal history. Moreover, Defendant was a fugitive from state supervision when he is alleged to have committed the crimes charged in this case. Accordingly, the Court finds that Defendant is both a flight risk and a danger to the community. The Court cannot simply set aside these finds based on Defendant's susceptibility to COVID-19.

## IV.    CONCLUSION

For the foregoing reasons, the Court orders Defendant's motions (dkt. ## 23, 24) be DENIED. The Clerk is directed to unseal Defendant's motion to reopen detention hearing (dkt. # 24) and the attachments. The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 15th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge