THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVIS JOHN BATEMAN,<br><br>　　　　　　Defendant. | CASE NO. CR19-0133-JCC<br><br>ORDER |

　　　This matter comes before the Court on Defendant's motion for reduction in sentence (Dkt. No. 51) and the parties' motions to seal (Dkt. Nos. 52, 56). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for reduction in sentence (Dkt. No. 51) and GRANTS the parties' motions to seal (Dkt. No. 52, 56) for the reasons explained herein.

　　　Defendant pleaded guilty to felon in possession of a firearm and unlawful possession of a destructive device. (Dkt. Nos. 10, 35, 39.) The Court sentenced him to 20 months of confinement and three years of supervised release in October 2020. (Dkt. Nos. 49, 50.) Defendant, who had previously been convicted of residential burglary and trafficking in stolen property, possessed thousands of rounds of ammunition and a pipe bomb. (Dkt. No. 10 at 1–2.)

　　　Defendant is currently incarcerated at FDC SeaTac with a designation to FCI Sheridan.

(Dkt. No. 51 at 2.) His anticipated release date is July 15, 2021 and, according to Defendant, the Bureau of Prisons ("BOP") estimates that he is eligible for pre-release home confinement on or about May 17, 2021. (*Id.*) But Defendant indicates that the BOP will not consider him for home confinement until he is first transferred to FCI Sheridan and, due to current COVID-19 quarantine procedures at FDC SeaTac, his transfer has been indefinitely postponed. (Dkt. Nos. 51 at 2–3; 58 at 2–3.)

Defendant, who suffers from chronic obstructive pulmonary disease ("COPD"), among other ailments, moves for a reduction in sentence pursuant to 18 U.S.C. § 3582 (c)(1). (Dkt. No. 51.) His motion follows a December 21, 2020 request for compassionate release that he made to the BOP. (Dkt. No. 51-2.) Defendant argues that his health conditions, in light of the ongoing COVID-19 pandemic, represent sufficient extraordinary and compelling reasons to warrant his release and that a reduced sentence of time served is both sufficient to achieve the goals of sentencing and warranted under the circumstances. (Dkt. No. 51 at 4–9.) The Government concedes that Defendant has satisfied the exhaustion requirement for a reduction in sentence and that Defendant's COPD condition "offers a basis for this Court to consider [Defendant's] motion." (Dkt. No. 55 at 8.) However, the Government argues that the § 3553 factors do not support a reduced sentence. (*Id.* at 10.) The Court agrees.

Any reduction in a defendant's sentence must be consistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13.[1] These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent

---

[1] The parties disagree about whether, in light of the changes enacted by the First Step Act, USSG 1B1.13 remains an "applicable" policy statement that limits the Court's discretion. (*Compare* Dkt. No. 55 at 10–12, *with* Dkt. No. 58 at 5–6.) The Ninth Circuit has not squarely addressed the issue and the Court finds it unnecessary to answer the question in this case, as it is clear from the Court's review of the § 3553 factors that release is not warranted in this instance. *See United States v. Ruffin*, 978 F.3d 100 (6th Cir. 2020) (finding it unnecessary to decide whether the policy statement remains binding because the district court denied relief under a balancing of the sentencing factors in section 3553(a)).

policy statements, and avoidance of sentencing disparities. *See* 18 U.S.C. § 3553(a). Releasing Defendant from confinement early would undermine the goals of sentencing. The nature and circumstances of the current offense, possession of thousands of rounds of ammunition and a pipe bomb, are very serious, particularly in light of Defendant's criminal history. (*See* Dkt. No. 55 at 10–11.) Defendant also later surrendered six firearms, the possession of which was not included in his indictment. (Dkt. No. 55 at 2.) Moreover, the Court imposed Defendant's current sentence *only a few months ago*. (*See* Dkt. No. 49.) Defendant asked for a time served sentence at that time. (Dkt. No. 47 at 14.) The Court sees no reason to revisit its application of the § 3553 factors now.[2] Accordingly Defendant's motion for a reduction in sentence is DENIED.

Defendant and the Government move to maintain portions of Defendant's BOP medical records under seal. (Dkt. Nos. 52, 56.) The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court need not decide whether Defendant's motion for compassionate release is a dispositive motion. The Court FINDS that Defendant has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). Accordingly, the parties' motions to seal are GRANTED.

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 51) and GRANTS the parties' motions to seal (Dkt. No. 52, 56). The Court

---

[2] While FDC SeaTac did experience a significant COVID-19 outbreak after Defendant was sentenced, it has largely subsided, with inmates again able to access "the recreation yards programming, social communications . . . and legal communications." (Dkt. No. 55-1 at 3.)

1  respectfully DIRECTS the Clerk to maintain Docket Numbers 53 and 57 under seal.

3      DATED this 1st day of February 2021.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE